UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANTHONY CORDORA,<br>TDCJ No. 01823591,<br><br>*Petitioner,*<br>v.<br><br>LORIE DAVIS,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br><br>*Respondent.* | § § § § § § § § § § § § § | EP-18-CV-00219-DCG |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Anthony Cordora's "Petition for a Writ of Habeas Corpus by a Person in State Custody" ("Writ") (ECF No. 3) filed on July 17, 2018. Therein, Cordora argues that his plea was involuntary due to ineffective assistance of counsel because his attorney failed to investigate DNA testing or inform him that he could be civilly committed as a result of his plea. Writ 5. For the reasons that follow, the Court **DENIES** Cordora's Writ. Further, the Court **DENIES** Cordora a certificate of appealability.

### I. APPLICABLE LAW

"[C]ollateral review is different from direct review,"[1] and the writ of habeas corpus is "an extraordinary remedy"[2] reserved for those petitioners whom "society has grievously wronged."[3]

---

[1] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[2] *Id.*

[3] *Id.* at 634.

It "is designed to guard against extreme malfunctions in the state criminal justice system."[4] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[5] They must generally defer to state court decisions on the merits[6] and on procedural grounds.[7] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[8]

Furthermore, claims under § 2254 are generally subject to a one-year statute of limitations.[9] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[10] "[A]n application is *properly* filed'

---

[4] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[5] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[6] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[7] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[8] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[9] *See* 28 U.S.C. § 2244(d)(1) (2006) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[10] *Id.* §§ 2244(d)(1)(A)–(D).

when its delivery and acceptance are in compliance with the applicable laws and rules governing filings ... [including] the time limits upon its delivery."[11]

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass ... the ... expiration of the statute of limitations."[12] However, "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[13] Moreover, "in making an assessment 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."[14]

Further, the limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[15] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[16]

Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[17] It is justified only "'in rare and exceptional circumstances.'"[18] Such circumstances

---

[11] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[12] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[13] *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

[14] *Id.* (quoting *Schlup*, 513 U.S. at 332).

[15] 28 U.S.C. § 2244(d)(2).

[16] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

[17] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[18] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

include situations in which a petitioner is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[19] Moreover, "'[e]quity is not intended for those who sleep on their rights.'"[20] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[21] Furthermore, a petitioner has the burden of proving that he is entitled to equitable tolling.[22] In order to satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion.[23] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[24] The limitation and the tolling provisions of § 2244 "promote[] the exhaustion of state remedies while respecting the interest in the finality of state court judgments."[25]

## II. DISCUSSION

With these principles in mind, the Court turns to Cordora's Writ. As an initial matter, Cordora presents no new evidence which "persuades the district court that . . . no juror, acting

---

[19] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[20] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[21] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[22] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

[23] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[24] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[25] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)).

reasonably, would have voted to find him guilty beyond a reasonable doubt."[26] He also does not indicate that any unconstitutional "State action" prevented him from filing for federal relief prior to the end of the limitations period.[27] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[28] Moreover, his claims were clearly discoverable, through the exercise of due diligence, when the trial court assessed his punishment.[29] Therefore, Cordora's limitations period began to run when his judgment of conviction became final.[30]

A judgment becomes final when the applicable period for seeking direct review expires.[31] In this case, the trial court entered its judgment on November 2, 2012.[32] Because Cordora did not seek direct review, his conviction became final thirty days later, on December 2, 2012, when the period to file a notice of appeal expired.[33] Consequently, the last day for Cordora to file a federal petition within the one-year limitations period was on December 2, 2013. Cordora constructively filed his Writ on July 12, 2018, the day on which he mailed his Writ.[34] Thus,

---

[26] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

[27] 28 U.S.C. § 2244(d)(1)(B).

[28] *Id.* § 2244(d)(1)(C).

[29] *Id.* § 2244(d)(1)(D).

[30] *Id.* § 2244(d)(1)(A).

[31] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (*per curiam*).

[32] State Court Records 7 (Judgment of Conviction by Court–Waiver of Jury Trial, State v. Cordora), ECF No. 14-2.

[33] TEX. R. APP. PROC. 41(b)(1); TEX. R. APP. PROC. 26.2(a)(1); *United States v. Vasquez*, 298 F.3d 354, 359 (5th Cir. 2002) (explaining that under Texas law, a defendant must file a notice of appeal within thirty days after the day sentence is imposed or suspended in open court).

[34] Writ 9. A pro se prisoner's habeas corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United*

Cordora filed his Writ over four years beyond the deadline. It is therefore untimely and must be denied, unless statutory or equitable tolling applies.

However, Cordora's state application for habeas corpus, which he mailed on March 27, 2018, did not toll the limitation period because he filed it after the limitations period expired.[35] As a result, Cordora is not entitled to statutory tolling and his Writ must be denied unless the Court determines that it should equitably toll the limitations period.[36]

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[37] Nothing in the record suggests the State misled Cordora. Moreover, neither Cordora's pro se status nor his unfamiliarity with the law suffices as a basis for equitable tolling.[38] Furthermore, after Cordora's conviction became final on December 2, 2012, he waited over five

---

*States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)). The Court is using the postmark date here because Cordora failed to date his Writ. *See id.* at 8, 9; *Henderson v. Davis*, No. 3:15-CV-2343-D (BH), 2017 WL 1476301, at *3 (N.D. Tex. Mar. 15, 2017) ("As noted, Petitioner did not state when she placed her § 2254 petition in the prison mail system for purposes of the 'mailbox rule', so it is deemed filed on the postmark date." (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998))).

[35] State Court Records 43, 45, ECF No. 9-5. Cordora also failed to date his state application for habeas corpus, so the Court is again using the postmark date. *Henderson, supra*, 2017 WL 1476301 at *3. *See also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[S]tate habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.").

[36] 28 U.S.C. § 2244(d)(2).

[37] *Grooms v. Johnson*, 208 F.3d 488, 489–90 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[38] *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir. 1999) (*per curiam*) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

years—until March 27, 2018—before he filed his state habeas application.[39] Cordora clearly failed to act with due diligence.[40] Cordora's case does not present the type of extraordinary circumstances and due diligence required for equitable tolling.[41] Accordingly, the Court finds that Cordora cannot carry his burden of establishing that equitable tolling is warranted.[42]

The Court concludes, therefore, that Cordora's Writ is time-barred, that he is not entitled to equitable tolling, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[43] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[44] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is

---

[39] *See* State Court Records 45; *Schmitt v. Zeller*, 354 F. App'x 950, 952 (5th Cir. 2009) (unpublished) ("Among the indicia of a lack of diligence was that the inmate had waited ten months after his conviction before attempting to file his state habeas application." (citing *Howland*, 507 F.3d at 846)).

[40] *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (explaining a habeas petitioner must pursue the habeas "process with diligence and alacrity").

[41] *Howland v. Quarterman*, 507 F.3d 840, 845–46 (5th Cir. 2007)

[42] *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (explaining the party seeking equitable tolling has the burden of showing entitlement to such tolling).

[43] 28 U.S.C. § 2253(c)(1) (2006).

[44] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

granted.[45] Although Cordora has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[46]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[47] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[48] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[49] Here, Cordora is not entitled to a certificate of appealability because reasonable jurists would not find debatable the Court's conclusions that Cordora's Writ is time-barred and that he is not entitled to equitable tolling.

---

[45] *See* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); *see also United States v. Kimler*, 150 F.3d 429, 431 & n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[46] *See* 28 U.S.C. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[47] 28 U.S.C. § 2253(c)(2).

[48] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[49] *Id.*

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner Anthony Cordora's "Petition for a Writ of Habeas Corpus by a Person in State Custody" (ECF No. 3) is **DENIED** and **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that Petitioner Anthony Cordora is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

So ORDERED and SIGNED this 21ST day of May 2019.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**